**STRASSER & ASSOCIATES, P.C.**
7 EAST RIDGEWOOD AVENUE
PARAMUS, NEW JERSEY  07652
PHONE:  (201) 445-9001
FAX:  (201) 445-1188
E-Mail:  cmo@strasserlaw.com
**Attorneys for Defendants', Ichiban Japanese Restaurant, Harry International of New Jersey Inc. and Harry Kim**

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

| | |
|---|---|
| DAVID PURNAMASIDI, on behalf of himself and on behalf of other similarly situated employees of Defendants', <br><br> Plaintiff, <br><br> vs. <br><br> ICHIBAN JAPANESE RESTAURANT, HARRY INTERNATIONAL OF NEW JERSEY, INC., and HARRY KIM, <br><br> Defendants. | : <br> : <br> : <br> : <br> : <br> : <br> : DOCKET NO.:  2:10-CV-01549-DMC-MF <br> : <br> : <br> : <br> : <br> : <br> : **Document Filed Electronically** <br> : |

---

### BRIEF IN OPPOSITION TO PLAINTIFFS' MOTION FOR CONDITIONAL COLLECTIVE CERTIFICATION AND REQUESTING EXPEDITED COURT AUTHORIZED NOTICE TO PROSPECTIVE FLSA COLLECTIVE ACTION MEMBERS

---

**WILLIAM I. STRASSER, ESQ.**
OF COUNSEL AND ON THE BRIEF

**CONRAD M. OLEAR, ESQ.**
OF COUNSEL AND ON THE BRIEF

**WILLIAM P. HANNAN, ESQ.**
ON THE BRIEF

STRASSER &
ASSOCIATES
A PROFESSIONAL CORPORATION

# TABLE OF CONTENTS

TABLE OF CONTENTS . . . . . . . i

TABLE OF AUTHORITIES . . . . . . . iii

STATEMENT OF FACTS . . . . . . . 1

LEGAL ARGUMENT . . . . . . . 3

    I.   PLAINTIFF HAS FAILED TO SUFFICIENTLY
        SHOW THAT PUTATIVE COLLECTIVE ACTION
        MEMBERS ARE SIMILARLY SITUATED BECAUSE
        PLAINTIFF HAS NOT PROVIDED A FACTUAL
        FOUNDATION AS TO WHO IS IN THE CLASS AND
        THE BASIS FOR INFERRING THAT SAID MEMBERS
        ARE SIMILARLY SITUATED TO PLAINTIFF . . 3

        A. THE STANDARD OF REVIEW FOR CONDITIONAL
           COLLECTIVE ACTION CERTIFICATION UNDER
           FLSA §216(b) IN THE THIRD CIRCUIT . . 3

        B. PLAINTIFF HAS NOT SHOWN THAT POTENTIAL
           MEMBERS OF THE CLASS ACTION ARE
           SIMILARLY SITUATED TO THE PLAINTIFF . . 8

        C. PLAINTIFF HAS NOT ESTABLISHED A FACTUAL
           FOUNDATION REGARDING THE BASIS FOR
           INFERRING THAT POTENTIAL CLASS MEMBERS
           ARE SIMILARLY SITUATED . . . . 15

    II.  IN THE ALTERNATIVE, IF PLAINTIFF'S MOTION
        FOR CONDITIONAL CERTIFICATION AS A
        COLLECTIVE ACTION AND EXPEDITED NOTICE IS
        GRANTED, THE NOTICE SHOULD BE ALTERED TO
        AVOID PREJUDICE TO THE DEFENDANTS AND
        PROVIDE MORE INFORMATION TO PUTATIVE
        COLLECTIVE ACTION MEMBERS . . . . 16

        A. The Opt-in Period Suggested by
           Plaintiffs is Unreasonably Long and
           Would Substantially Delay Disposition
           of this Matter . . . . . . 18

STRASSER &
ASSOCIATES
A PROFESSIONAL CORPORATION

B. The Specific Terms of the Contingent
Fee Agreement Between Plaintiffs
and Plaintiffs' Attorneys should be
stated in the Notice to Provide,
including what percentage Plaintiffs'
Attorney Will Collect of a Potential
Judgment or Settlement     .     .     .     .     20

C. The Notice Should be More Clear
Concerning Potential Collective Action
Members Right to Not Join the Suit and
to Use Different Counsel in their Own
Action     .     .     .     .     .     .     .     21

D. The Notice Should Contain More
Information About the "Effect of
Joining This Lawsuit"  .     .     .     .     .     22

E. The Language in Section 2, "Description
of the Lawsuit" is misleading and
Prejudicial and should be amended     .     .     23

CONCLUSION     .     .     .     .     .     .     .     24

STRASSER &
ASSOCIATES
A PROFESSIONAL CORPORATION

ii

# TABLE OF AUTHORITIES

## CASES

Aquilano v. Home Depot
2006 U.S. Dist. LEXIS 66084 (D.N.J. Sept. 6, 2006).     . 5,13,19

Armstrong v. Weichert Realtors
2006 WL 1455781 (D.N.J. May 19, 2006)     .     .     .     . 6,7,8,
                                                             12,14,15

Dreyer v. Altchem Environmental Services, Inc.
2007 WL 7186177 (D.N.J. Sept. 25, 2007) .     .     . 7,10,11,12

Evancho v. Sanofi-Aventis
2007 WL 4546100 (D.N.J. Dec. 19, 2007)     .     .     .     . 6,7

Freeman v. Wal-Mart Stores, Inc.
256 F.Supp.2d 941 (W.D. Ark. 2003) .     .     .     .     .     . 6

Harris v. Healthcare Services Group, Inc.
2007 WL 2221411 (E.D.PA. July 31, 2007) .     .     . 5,6,13,19

Herring v. Hewitt
2007 U.S. Dist. LEXIS 53278 (D.N.J. July 24, 2007).     . 13,19

Hoffman v. Sbarro
982 F. Supp. 249 (S.D.N.Y 1997)     .     .     .     .     .     . 5

Hoffman-La Roche v. Sperling
493 U.S. 165 (1989) .     .     .     .     .     .     . 3,4,5,16,
                                                        19,20,22,24

Ingram v. Coach USA
2008 U.S. Dist. LEXIS 5935 (D.N.J. Jan. 28, 2008) .     . 3,4,13,
                                                          17,18,23

Krstic v. J.R. Contracting and Environmental Consulting
2010 WL 395953 (D.N.J. Feb. 4, 2010)     .     .     .     . 4,6,
                                                            7,10,11

Moeck v. Gray Supply Corp.
2006 WL 42368 (D.N.J. Jan. 6, 2006)     .     .     .     .     7

Morisky v. PSEG
11 F.Supp.2d 493 (D.N.J. 2000)     .     .     .     . 4,5,6,8

STRASSER &
ASSOCIATES
A PROFESSIONAL CORPORATION

Ritzer v. U.B.S. Financial Services
2008 U.S. Dist. LEXIS 71635 (D.N.J. Sept. 22, 2008).    .    5,9,
                                                             13,18,21


**Statutes**

29 U.S.C. §216(b)         .        .        .        .        .        3,4,5,
                                                             6,16,18,20

STRASSER &
ASSOCIATES
A PROFESSIONAL CORPORATION

## STATEMENT OF FACTS AND PROCEDURAL HISTORY

1. Plaintiff Daud Purnamasidi filed a Collective/Class Action Complaint in the United States District Court for the District of New Jersey on March 25, 2010 against Defendants Ichiban Japanese Restaurant, Harry International of New Jersey, Inc., and Harry Kim.

2. The Complaint sets forth allegations that Defendants, *inter alia*, violated the Fair Labor Standards Act and New Jersey Wage Law.

3. In the Complaint, Plaintiff characterizes his claim as a collective action on behalf of:

   > [H]imself and other similarly situated current and former employees of Defendants, such as servers, bussers, runners, and other similarly situated current or former employees who work or have worked at Ichiban between January 1, 2007 and the date of final judgment, and who opt in . . . to this action. Complaint, Paragraph 2.

4. Aside from alleging that putative collective action members were victims of an alleged common plan or scheme, Plaintiff does not provide details as to *why* he is similarly situated

STRASSER &
ASSOCIATES
A PROFESSIONAL CORPORATION

1

to employees with other job titles or the basis for inferring same.

5. Defendants filed an Answer to the Complaint denying Plaintiff's allegations on May 27, 2010 after obtaining an extension of time to file said Answer.

6. Plaintiff filed a Motion for Conditional Collective Certification and Requesting Expedited Court Authorized Notice to Prospective FLSA Collective Action Members on June 1, 2010.

7. The motion date was scheduled for July 6, 2010. On June 10, 2010, Defendants obtained an automatic adjournment in accordance with L.Civ.R. 7.1(d)(5) to July 19, 2010.

8. Defendant's Brief in Opposition to Plaintiff's Motion for Conditional Certification and Expedited Court Authorized Notice follows.

**LEGAL ARGUMENT**

**I.   PLAINTIFF HAS FAILED TO SUFFICIENTLY SHOW THAT PUTATIVE COLLECTIVE ACTION MEMBERS ARE SIMILARLY SITUATED BECAUSE PLAINTIFF HAS NOT PROVIDED A FACTUAL FOUNDATION AS TO WHO IS IN THE CLASS AND THE BASIS FOR INFERRING THAT SAID MEMBERS ARE SIMILARLY SITUATED TO PLAINTIFF**

**A. THE STANDARD OF REVIEW FOR CONDITIONAL COLLECTIVE ACTION CERTIFICATION UNDER FLSA §216(b) IN THE THIRD CIRCUIT**

29 U.S.C. §216(b) provides for the use of collective actions in claims alleging violations of the Fair Labor Standards Act ("FLSA").  In order to proceed as a collective action under §216(b), the plaintiff must show that 1) he is "similarly situated" to the remainder of the proposed collective action members, and 2) all collective action members affirmatively consent to join the action and to be bound by its judgment.  Ingram v. Coach USA, 2008 U.S. Dist. LEXIS 5935, at *12 (D.N.J. Jan. 28, 2008) (citing Hoffman-La Roche v. Sperling, 493 U.S. 165, 170 (1989).  This standard differs from the class action requirements under Federal Rule of Civil Procedure 23 because would-be FLSA collective action members must affirmatively "opt in" to become a party to the action, rather than automatically being part of the class under the federal rule.  The FLSA does not provide a definition for what it means for a plaintiff to be "similarly situated" to other potential

STRASSER &
ASSOCIATES
A PROFESSIONAL CORPORATION

3

collective action members, and the Supreme Court did not elucidate the meaning of the term in Hoffman-La Roche.

The Third Circuit has adopted a two-step approach in evaluating whether to allow a FLSA claim by one or more plaintiffs to proceed as a collective action under 29 U.S.C. §216(b).  See Morisky v. PSEG, 11 F.Supp.2d 493, 497 (D.N.J. 2000); Ingram, 2008 U.S. Dist. LEXIS 5935 at *12-13; Krstic v. J.R. Contracting and Environmental Consulting, 2010 WL 395953, at *1 (D.N.J. Feb. 4, 2010).  The first step in this analysis occurs at the "'notice stage,' i.e., the point at which the court determines whether notice of the action should be given to potential class members." Moriskey v. PSEG, 11 F.Supp.2d at 497. The analysis is a "preliminary inquiry into whether the plaintiff's proposed class is constituted of similarly situated employees" and "the court grants only conditional certification of the class for the purposes of notice and discovery." Herring v. Hewitt, 2007 U.S. Dist. LEXIS 53278, at *7 (D.N.J. July 24, 2007).  The second stage occurs after the completion of the discovery phase and involves the court "conduct[ing] a specific factual analysis of each employee's claim to ensure that each claimant is an appropriate party."  Id. at *8.  The determination at the second stage is stricter and significantly more stringent than the determination at the first stage. Krstic, 2010 WL 395953 at *1.  If the court finds that the

plaintiffs are not similarly situated at the second stage, the class is decertified and all plaintiffs that have previously opted in are dismissed without prejudice. If the court finds that the plaintiffs are similarly situated, the case proceeds to trial as a collective action under 29 U.S.C. §216(b). Harris v. Healthcare Services Group, Inc., 2007 WL 2221411 (E.D.PA. July 31, 2007).

The first stage typically occurs early in the litigation, when the court usually "has only minimal evidence before it – the pleadings and any affidavits submitted by the parties." Moriskey, 11 F.Supp.2d at 497. Although the plaintiff need not show that his position is identical to the positions of other potential collective action members, the plaintiff bears the burden of showing that there is "a factual nexus between their situation and the situation of other current and former [employees] sufficient to determine that they are 'similarly situated.'" Aquilano v. Home Depot, 2006 U.S. Dist. LEXIS 66084, at *5 (D. N.J. 2006) (citing Hoffman v. Sbarro, 982 F. Supp. 249, 262 (S.D.N.Y 1997). Although courts evaluate conditional certification at the first stage according to a "fairly lenient standard," most courts, including the Third Circuit "require as a 'factual foundation, information about who is in the potential class and the basis for inferring that the potential members are similarly situated.'" Morisky, 111 F.Supp.2d at 497; Ritzer v.

STRASSER &
ASSOCIATES
A PROFESSIONAL CORPORATION

U.B.S. Financial Services, 2008 U.S. Dist. LEXIS 71635, at *5 (D.N.J. September 22, 2008), *quoting* Armstrong v. Weichert Realtors 2006 WL 1455781, at *1 (D.N.J. May 19, 2006). Unlike other courts, the Third Circuit requires more than just "substantial allegations that the putative class members were together the victims of a single decision, policy, or plan." Morisky, 111 F. Supp.2d at 497.

Although the standard is fairly lenient, "certification at the notice stage . . . is not automatic." Evancho v. Sanofi-Aventis, 2007 WL 4546100, at *2 (D.N.J. December 19, 2007). The notice stage typically occurs at the outset of the case when little if any discovery has been done by the parties, however, "unsupported assertions of widespread violations are not sufficient" to establish the "similarly situated" standard even at the notice stage. Id. (*citing* Freeman v. Wal-Mart Stores, Inc., 256 F.Supp.2d 941, 945 (W.D. Ark. 2003). A plaintiff seeking to use the collective action mechanism under FLSA §216(b) must be clear in the pleadings and affidavits as to the job functions and duties of the proposed "similarly situated" employees, dates when FLSA violations allegedly occurred, estimates as to unpaid overtime, and employee descriptions. Otherwise, the motion for conditional certification of the collective action at the notice stage will be denied. Krstic, 2010 WL 395953 at *3-4. The U.S. District Court for the

STRASSER &
ASSOCIATES
A PROFESSIONAL CORPORATION

6

District of New Jersey has described the importance of the foregoing requirements as follows: "a modest factual showing that others have suffered the same injury works to prevent class action fishing expeditions." Armstrong, 2006 WL 1455781 at *1.

Courts in the Third Circuit have routinely denied motions for conditional class certification and notice to putative plaintiffs in FLSA actions. Armstrong, 2006 WL 1455781 (preliminary collective action certification denied where plaintiffs made only vague and general statements about other putative members and failed to define other employees and the basis for the plaintiff's alleged knowledge concerning other employees); Evancho, 2007 WL 4546100 (motion for conditional collective action certification denied because plaintiffs had not made required showing that employees had similar job duties and, thus, were similarly situated); Krstic, 2010 WL 359953 (motion for conditional collective action certification denied where plaintiff failed to describe dates, job functions, or employee descriptions concerning putative collective action members); Dreyer v. Altchem Environmental Services, Inc., 2007 WL 7186177 (D.N.J. September 25, 2007) (motion for conditional certification denied because plaintiff failed to make modest showing that plaintiffs were similarly situated to other employees and what the basis for their assertions were, despite the submission of three affidavits); Moeck v. Gray Supply Corp.,

STRASSER &
ASSOCIATES
A PROFESSIONAL CORPORATION

7

2006 WL 42368 (D.N.J. January 6, 2006) (conditional certification denied where plaintiffs failed to satisfy lenient standard that they were similarly situated putative class members.)

## B. PLAINTIFF HAS NOT SHOWN THAT POTENTIAL MEMBERS OF THE CLASS ACTION ARE SIMILARLY SITUATED TO THE PLAINTIFF

As discovery has not commenced in this case and the Plaintiff's motion is for conditional certification of the collective action only, this case is at stage one of the two stage analysis used by the Third Circuit. Morisky, 11 F.Supp.2d at 498. Even though courts use a "fairly lenient standard" at this point, a grant of conditional certification of the FLSA collective action is not automatic and the plaintiff still must provide a factual foundation about 1) why he is similarly situated to the potential class, and 2) the basis for inferring that potential class members are similarly situated. Armstrong, 2006 WL 1455781 at *1-2. Here, Plaintiff has failed to satisfy the relatively low bar for conditional certification of a FLSA collective at the notice stage.

Because there is minimal evidence before the Court, the Plaintiff's motion is evaluated on the basis of pleadings and any affidavits he has submitted. In this case, the only documents available to the Court on which to base a decision are

STRASSER &
ASSOCIATES
A PROFESSIONAL CORPORATION

8

the Plaintiff's Collective/Class Action Complaint (attached to Plaintiff's motion as Exhibit B) and the Declaration of Tri Yulianto Setiawan, a current Ichiban employee (attached to Plaintiff's motion as Exhibit C).

Plaintiff's complaint states that "plaintiff brings this action on behalf of himself and other similarly situated current and former employees of Defendants, such as servers, bussers, runners, and other similarly situated current and former employees who work or have worked at Ichiban [Japanese Restaurant] between January 1, 2007 and the date of final judgment." Plaintiff's Complaint, Paragraph 2 (attached to Plaintiff's motion as Exhibit B). Plaintiff makes the same general allegation, repeated *ad nauseam* throughout the Complaint, that "Defendants have denied their employees, including Plaintiff, the proper minimum wage, overtime compensation, customer gratuities/tips, and reimbursement for uniform expenses." Id. at Para. 24.

These vague allegations regarding the potential FLSA collective actions do not rise even to the relatively low standard used in the Third Circuit's first stage analysis. The Third Circuit has rejected the approach of some courts which require "nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy, or plan." Ritzer v. UBS Financial Services,

STRASSER &
ASSOCIATES
A PROFESSIONAL CORPORATION

9

Inc., 2008 U.S. Dist. LEXIS 71635 (D.N.J. September 22, 2008). A review of the Complaint reveals that the only justification offered by the Plaintiff for considering himself similarly situated to other class members is that they all worked at the same restaurant at overlapping periods of time, and the allegation that "the class members have been victims of Defendants' common policy and plan which have violated their rights under the FLSA and the NJ Wage Law by denying them a proper minimum wage and overtime compensation, tips, and reimbursement policy." Complaint, Para. 41. The case law instructs that these general allegations that putative class members were victims of a common plan or scheme do not satisfy the required stage one showing for conditional class certification. Id.

In Krstic, the court denied conditional certification of the collective action because the Plaintiffs had failed to sufficiently show that employees were similarly situated because the Complaint was not clear in defining job functions, employee descriptions, and dates where violations occurred. Krstic, 2010 WL 395953 at *3. The court found that the Plaintiffs had not presented the "modest facts" needed to obtain the grant of conditional certification because they provided only broad generalizations – no facts – about the putative collective action members. Id. Similarly, in Dreyer, the plaintiff's

STRASSER &
ASSOCIATES
A PROFESSIONAL CORPORATION

motion for certification at the notice stage was denied because the plaintiffs' complaint and three supporting affidavits made only general statements alleging FLSA violations, such as "[t]o the best of my information and belief, everyone I worked with was paid the same way and treated the same away [sic]." 2007 WL 42368 at *4. The Court explained that the plaintiffs had failed to present "any amount of detail to bolster their assertions" and that their "unsubstantiated assertions do not amount to the requisite factual showing." Id.

Like in Krstic and Dreyer, the Plaintiff here makes only vague, general statements throughout the complaint lumping all of the restaurant employees in as a group and alleging that the FLSA was violated. Plaintiff fails to list the job duties or functions for any of the employees he claims are similarly situated to him in the collective action – "servers, bussers, runners, and other tipped food service workers." Complaint, Para. 1. Although they all worked in the same restaurant, the positions have very different job functions and duties, and the one Declaration provided by Plaintiff admits that all Ichiban workers were compensated differently. Declaration of Tri Yulianto Setiawan, Paras. 8-9. (different tip shares for different employees). Plaintiff, as well as Mr. Setiawan, fails to describe his own job duties as a waiter, as well as the job duties of the other classes of employees which Plaintiff alleges

STRASSER &
ASSOCIATES
A PROFESSIONAL CORPORATION

11

he is "similarly situated" to. Without a listing of the job duties for all of these different positions, any allegations concerning the hours worked or compensation methods of these other employees, or the basis for his allegations concerning other employees, Plaintiff's allegations are insufficient to satisfy his burden even when evaluated under the relatively loose notice-stage standard for class certification. Dreyer, 2007 WL 7186177 at *3-4.

Plaintiff's motion contains one declaration from a current Ichiban employee who has opted in to the suit in support of the conditional certification. Attached as Exhibit C to Plaintiff's motion. Although the Declaration of Tri Yulianto Setiawan contains details alleging his own particular hours and compensation, the Declaration is lacking in regards to showing how other employees are similarly situated. The Declaration, like the Complaint, contains no descriptions of his job details or functions of other Ichiban employees, but merely contains the general statement that that "I regularly see other employees, such as waiters, waitresses, and bussers working the same hours and receiving the same type of pay that I do." Declaration of Tri Yulianto Setiawan, Para. 13. This general statement cannot serve as the foundation for the factual nexus required to show that all ichiban employees were similarly situated. See Armstrong, 2006 WL 1455781.

STRASSER &
ASSOCIATES
A PROFESSIONAL CORPORATION

12

Although the Declaration describes Mr. Setiawan's particular and individual allegations in detail (aside from his job duties as a waiter, which are not described), the Declaration goes no further in offering the "factual nexus between their situation and the situation of other current and former [employees] sufficient to determine they are "similarly situated." Aquilano, 2006 U.S. Dist. LEXIS 66084 at *5. Additionally, although the evidence before courts at the notice stage is typically light, Plaintiff has supplied only one Declaration in support of the allegations and motion to certify. Most cases where certification is granted and in which the issue of evidence is mentioned contain more evidence, specifically more affidavits/declarations of other plaintiffs who have opted it. See Ritzer, 2008 U.S. Dist. LEXIS 71635 (motion for certification granted, at least four declarations specifically cited by the court); Aquilano, 2006 U.S. Dist. LEXIS 66084 (motion for certification granted, 5 certifications submitted by plaintiffs); Herring, 2007 U.S. Dist. LEXIS 53278 (motion for certification granted, multiple declarations submitted by plaintiffs, exact number not specified); Ingram, 2008 U.S. Dist. LEXIS 5935 (motion for certification granted, multiple declarations submitted by plaintiffs, as well as deposition transcripts, affidavits and other documents); Harris, 2007 WL 2221411 (motion for collective certification originally

STRASSER &
ASSOCIATES
A PROFESSIONAL CORPORATION

13

dismissed without prejudice because plaintiffs made no factual showing that they were similarly situated but granted after plaintiffs submitted *several* affidavits in support.)  Plaintiff thus far has only obtained one (1) declaration in support of the allegations in the complaint; as Mr. Setiawan is a current employee of Ichiban, it is reasonable to assume that the lawsuit has been discussed among other current employees.  The lack of more than one declaration may indicate that other employees, who it can be assumed are aware of the lawsuit, do not feel the claims are valid.

Defendant has submitted only one declaration in support of the Complaint; as this Declaration does not provide a factual foundation as to why other putative class members are similarly situated and fails to provide a basis for inferring same, the Plaintiff has not satisfied his burden of showing that he is similarly situated to other putative class members.  Armstrong, 2006 WL 1455871 at *1-2.  Because of the overly-general allegations and the lack of a factual foundation for asserting that plaintiffs are similarly situated to putative collective action members, Defendant respectfully submits that Plaintiffs have not made the minimal showing that they are similarly situated to putative class members and the conditional certification and request for expedited notice should be denied at this juncture.

## C. **PLAINTIFF HAS NOT ESTABLISHED A FACTUAL FOUNDATION REGARDING THE BASIS FOR INFERRING THAT POTENTIAL CLASS MEMBERS ARE SIMILARLY SITUATED**

As part of its notice stage analysis the Third Circuit requires that plaintiffs satisfy the burden of showing that they are similarly situated to putative class members, namely, plaintiffs must show as a "factual foundation, information about who is in the potential class and the basis for inferring that the potential members." Armstrong, 2008 WL 1455781, at *1. As described above, Plaintiffs have failed to satisfy the relatively low burden concerning information about who is in the potential class by failing to provide any information about job duties and other relevant information regarding the employment of putative class members. Plaintiff has also failed to establish the second foundational requirement as presented in Armstrong, the basis for an inference that putative class members are similarly situated.

Plaintiff's complaint contains no statements or allegations concerning the basis of Plaintiff's belief that other servers, bussers, runners, and other tipped food service workers are similarly situated to Plaintiff as required by Armstrong. 2006 WL 1455781. This foundational showing requires the plaintiff to present to the court foundational facts that will support an inference that plaintiffs are similarly situated with the rest of the putative collective action members. Id. Plaintiff's

STRASSER &
ASSOCIATES
A PROFESSIONAL CORPORATION

15

complaint is devoid of any such showing and/or bare allegations of this requirement. Additionally, the Declaration of Mr. Setiawan attached as Exhibit C to the Plaintiff's motion contains only the statement that the declarant "regularly [saw] other employees . . . working the same hours and receiving the same type of pay" as he did. Declaration of Tri Yulianto Setiawan, Para. 13, attached as Exhibit C to Plaintiff's motion. In contrast to cases where Plaintiffs have been granted conditional certification, no other declarations of affidavits were submitted containing any basis for Plaintiff's assertions supporting an inference that plaintiff is similarly situated to other employees who worked at Ichiban Japanese Restaurant in the time period specified. Defendants respectfully submit that the Plaintiff has shown an insufficient factual foundation concerning the basis for inferring that potential members are similarly situated, and that Plaintiff's motion for conditional certification and notice be denied in its entirety.

**II. IN THE ALTERNATIVE, IF PLAINTIFF'S MOTION FOR CONDITIONAL CERTIFICATION AS A COLLECTIVE ACTION AND EXPEDITED NOTICE IS GRANTED, THE NOTICE SHOULD BE ALTERED TO AVOID PREJUDICE TO THE DEFENDANTS AND PROVIDE MORE INFORMATION TO PUTATIVE COLLECTIVE ACTION MEMBERS**

The U.S. Supreme Court in Hoffman-La Roche v. Sperling held that district courts have discretion under FLSA §216(b) to facilitate notice to potential opt-in plaintiffs in appropriate

cases. 493 U.S. at 170. The Court explained that court-authorized notice, as opposed to notices prepared solely by plaintiffs without court oversight, could minimize the potential for misuse of the class device through "misleading communications," help avoid "a multiplicity of duplicative suits," and set reasonable "cut-off dates to expedite disposition of the action." Id. at 172. Furthermore, court-approved notice helps settle disputes concerning the contents of the notice prior to its distribution and ensures that the notice is "timely, accurate and informative." Id.

Accordingly, courts in the Third Circuit have regularly evaluated and amended the form of notice proposed by plaintiffs to ensure fairness to the putative class members and defendants. See Rizter, 2008 U.S. Dist. LEXIS 71635 at *9-19 (discussing opt-in period and plaintiff attorney's fee agreement); Ingram, 2008 U.S. Dist. LEXIS 5935 at *21-26 (imposing a deadline for plaintiffs to send consent to sue forms and opt-in to suit).

In this case, Defendants do not object to court-authorized and supervised notice if Plaintiffs' motion for certification is granted, but do object to several specific parts of the proposed form of notice provided by Plaintiff as detailed below.

STRASSER &
ASSOCIATES
A PROFESSIONAL CORPORATION

17

## A. **The Opt-in Period Suggested by Plaintiffs is Unreasonably Long and Would Substantially Delay Disposition of this Matter.**

In their proposed form of Order, Plaintiffs propose that "Plaintiffs shall have 180 days from the date the Notice is issued to file Consent to Sue forms in this case on behalf of prospective collective action members." *See* Proposed Form of Order, P. 2. The Supreme Court has held that cut-off dates to opt in to collective actions under FLSA §216(b) should be reasonable "to expedite disposition of the action." Plaintiff's Proposed Order providing for a 180-day consent period entirely contradicts this policy, especially considering the circumstances of this case as described below.

In Ingram, the plaintiffs submitted a proposed notice that lacked a deadline for filing consent to join forms; the court held that such a deadline was needed to ensure "that the universe of potential claimants is known and the subjects of supplemental discovery needed to proceed to trial are identified and completed sufficiently in advance of trial." 2008 U.S. Dist. LEXIS 5935 at *21-23. The defendants requested a 30-day opt-in period to file consent to sue forms and the court modified the proposed notice to include a deadline. Id. at *9, *22, *26. In Ritzer, the Court ordered a 60-day opt-in period for a collective action with dozens of potential members across multiple geographic locations. 2008 U.S. Dist. LEXIS 71635 at

STRASSER &
ASSOCIATES
A PROFESSIONAL CORPORATION

18

*14.   In Harris, a 30-day opt-in period was ordered.   2007 WL 2221411 at *Para. 4 of Order.   Other courts have ordered the parties to meet and confer regarding the particular terms of the notice to putative class members.   Herring, 2007 U.S. Dist. LEXIS 53278 at *25.

Here, the Defendant is a Japanese restaurant in the relatively small city of Hackensack in Northern New Jersey. Plaintiffs have estimated that the class is "at least 25 individuals ," a very small number compared to most other FLSA collective actions, which frequently involve nationwide claims against national corporations, often with thousands of putative collective action members.   Complaint, Para. 51; see Aquilano, 2006 U.S. Dist. Lexis 66084 (nationwide class of Home Depot employees); Herring, 2007 U.S. Dist. LEXIS 53278 (nationwide collective action of Hewitt Associates, Inc. employees.) Typical opt-in periods for putative class members to file consent to sue forms are 30-60 days, even in nationwide FLSA collective actions with employees covering multiple geographic locations across the country. See Rizter, 2008 U.S. Dist. LEXIS 71635 at *14.

Here, the defendant has one restaurant in one location, and notice would be directed to around 25 people according to Plaintiff.   Additionally, many of those who would receive notice should conditional certification be granted currently work at

Ichiban Japanese Restaurant, so notice would be instantaneous (if they don't already have notice, which is doubtful). The facts in this case do not warrant a 180-day consent period when considerably more numerous and geographically disparate classes in other cases have only received 30 to 60 days. Defendant respectfully submits that the opt-in period should be **30 days** from the date the Notice of Lawsuit is issued, and that Plaintiffs shall therefore have 30 days to file consent to sue forms in this case on behalf of prospective class action members. Ichiban also respectfully submits that it should have 20 days from the date of a potential Order to provide information concerning potential collective action members to Plaintiff to ensure there is sufficient time to gather accurate information and send the information to the Plaintiff.

**B.** **The Specific Terms of the Contingent Fee Agreement Between Plaintiffs and Plaintiffs' Attorneys should be stated in the Notice to Provide, including what percentage Plaintiffs' Attorney Will Collect of a Potential Judgment or Settlement**

A major reason that the U.S. Supreme Court approved court-authorized notice under FLSA §216(b) was to ensure that putative collective action members received notice that was "timely, accurate, and informative" to make sure potential class members understood their legal options about joining the action or not. Hoffman-La Roche, 493 U.S. at 172. To that end, potential collective action members receiving notice should have as much

STRASSER &
ASSOCIATES
A PROFESSIONAL CORPORATION

20

information as is practicable included in the written notice.
Although Plaintiffs' counsel states in the Notice that he is
being paid on a contingency fee basis, potential collective
action members are entitled to know at the outset what
percentage of any judgment or settlement will be paid to the
attorneys. Courts have found it appropriate to include this
information in other notices in FLSA collective action cases.
*See* Ritzer, 2008 U.S. Dist. LEXIS 71635 at *16. (The court-
authorized Notice states: "If the Plaintiffs are successful in
this case, they will ask the Court to order UBS to pay the
reasonable attorneys fees and costs. Plaintiffs will receive
that amount or one-third (1/3) of the total damages recovered
for the Plaintiffs, whichever is greater.") Although potential
class members could receive this information over the phone when
contacting the Plaintiff's attorney, Defendants respectfully
submit that including the specific contingent fee agreement in
the Notice would provide more accurate information to potential
class members up front and would ensure that they have all the
information available in writing when making the decision
whether or not to join the action.

## C. **The Notice Should be More Clear Concerning Potential Collective Action Members' Right to Not Join the Suit and to Use Different Counsel in their Own Action.**

In the interest of presenting all available information to the
potential class members who may receive notice if the motion is

STRASSER &
ASSOCIATES
A PROFESSIONAL CORPORATION

21

granted, Defendants respectfully submit that the language in Section 4 of the Notice should be amended to make clear that individuals not filing consent to sue forms are free to proceed with a different attorney at a future date for similar claims. The second sentence of Section 4 of the Notice, "No Legal Affect in Not Joining the Lawsuit," should be amended to read: "Your decision not to join this lawsuit will not affect your right to bring a similar case on your own at a future time *with an attorney of your choosing*." This additional language in italics would make it clear to those receiving Notice that they may seek out other attorneys and attempt to obtain a different fee agreement if they proceed on their own rather than being represented by the current Plaintiffs' attorney. Such an amendment complies with the Supreme Court's holding in Hoffman La-Roche that a court-authorized notice to putative class members be "accurate" and "informative." 493 U.S. at 172.

## D. **The Notice Should Contain More Information About the "Effect of Joining This Lawsuit"**

Potential collective action members who receive the subject notice should have more information about what it means to be represented by the named Plaintiff, Daud Purnamasidi, and the potential necessity of providing personal and employment information in court proceedings. First, the proposed Notice states: "[Daud Purnamasidi] will be authorized to make decisions

STRASSER &
ASSOCIATES
A PROFESSIONAL CORPORATION

on your behalf concerning all aspects of the lawsuit." To make sure potential collective action members receiving the Notice understand what this means, the sentence should be amended to read: "[Daud Purnamasidi] will be authorized to make decisions on your behalf concerning all aspects of the lawsuit *without your consent or input. This authorization may include such issues as accepting or declining a settlement, and whether to proceed to trial or not.*" Additionally, courts have ordered plaintiff's attorneys to inform clients that they may be required to divulge information about themselves in depositions or interrogatories. Ingram, 2008 U.S. Dist. LEXIS at *24-25. Defendants submit that the following sentence be added to end of the second paragraph of Section 5 of the Notice, "Effect of Joining this Lawsuit:" "*You may be required to provide factual information about yourself to opposing counsel and to the Court, which may include responses to interrogatories, a deposition, or testimony at trial.*" This addition would ensure that opt-in plaintiffs would be aware of what level of control they would have if they join the lawsuit and that they may be required to testify and provide information should they join.

### E. **The Language in Section 2, "Description of the Lawsuit" is Misleading and Prejudicial and Should be Amended**

Plaintiffs' proposed Notice contains the statement "The Plaintiffs have alleged that they are owed money for unpaid

minimum wages and overtime compensation because ***Ichiban required them to work without being paid minimum wages and to work over forty hours per week without time and one-half overtime compensation going back to March 25, 2007.***" Defendants believe the bolded and underlined portion of the above sentence is misleading and prejudicial, and does not accurately reflect the allegations in the Complaint. There were no allegations that Ichiban *required* plaintiffs to work. Defendants respectfully submit the sentence should be changed to: "The Plaintiffs have alleged that they are owed money for unpaid minimum wages and overtime compensation because *they did not receive minimum wages and did not receive time and one-half compensation when they worked over forty hours per week going back to March 25, 2007.*" Ichiban respectfully submits that this phrasing is less prejudicial towards Defendants and more accurately conveys what Plaintiffs have alleged in their Complaint. This amendment would bring the proposed notice in compliance with the Supreme Court's holding in <u>Hoffman La-Roche</u> that a court-authorized notice to putative class members be "accurate" and "informative." 493 U.S. at 172.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Motion for Certification of the FLSA Collective Action and Request for Expedited Notice be denied in its entirety. In

STRASSER &
ASSOCIATES
A PROFESSIONAL CORPORATION

24

the alternative, if the Court does grant the motion to certify the collective action, Defendants request that the proposed Notice and proposed Order should be amended as suggested above to provide complete and accurate information to potential collective action members while minimizing bias and prejudice against the Defendant.

**STRASSER & ASSOCIATES, P.C.**

By: /S/ *Conrad M. Olear*

**CONRAD M. OLEAR, ESQ.**
**Attorney ID: CO7709**
**7 East Ridgewood Avenue**
**Paramus, New Jersey 07652**
**Phone: 201-445-9001**
**Fax: 201-445-1188**
**Attorneys for Defendants,**
**Ichiban Japanese Restaurant,**
**Harry International of New**
**Jersey, Inc., and Harry Kim**

Dated:     July 6, 2010
           Paramus, New Jersey