NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DAUD PURNAMASIDI, on behalf of himself and on behalf of other similarly situated employees of Defendants, : : : : Plaintiff, : : v. : : : ICHIBAN JAPANESE RESTAURANT, : HARRY INTERNATIONAL OF NEW : JERSEY, HARRY KIM : : Defendants | Hon. Dennis M. Cavanaugh<br><br>OPINION<br><br>Civil Action No. 10cv1549 (DMC)(JAD) |

DENNIS M. CAVANAUGH, U.S.D.J.:

    This matter is before the Court on plaintiff Daud Purnamasidi's motion to: (1) conditionally certify this case as a collective action under 29 U.S.C. § 216(b); (2) provide expedited court ordered notice to all potential plaintiffs. For the reasons set forth below, the motion is **granted** and the proposed notice shall be disseminated as modified herein.

**I.   PROCEDURAL HISTORY/FACTUAL BACKGROUND**

    On March 25, 2010, Plaintiff Daud Purnamasidi filed a Complaint against Ichiban Japanese Restaurant, Harry International and Mr. Harry Kim, owner of Harry International. Plaintiff is or was a waiter at the Ichiban establishment. Plaintiff states that he and other individuals described as "servers, bussers, runners and other tipped food service workers" (Complaint, page 2, paragraph 3) typically worked more than forty hours per week but were not paid overtime nor paid the prevailing minimum wage, nor did the restaurant keep records or

display notice of employees' rights to receive overtime and minimum wage as required by the Fair Labor Standards Act ("FLSA"). As a result, he has brought suit and, by way of motion filed June 1, 2010, asks this Court to conditionally certify the class of employees who perform the duties of tipped food service workers, and who worked more than forty hours per week, and were not paid as required by the FLSA.

## II. SUMMARY OF ARGUMENTS

In support of his motion, Plaintiff argues: (1) he and the putative collective action members, namely tipped food service workers, are similarly situated as defined by Section 216 of the FLSA because they share the same job duties, perform them in substantially the same manner, and are paid under the same compensation plan; and (2) notice to the potential plaintiffs is appropriate so that each receives accurate and timely information about the lawsuit and they can make informed decisions about whether to join with the plaintiff to prosecute their claims.

Plaintiff also argues that: (1) merits decisions are not to be made at this point, and (2) that the "similarly situated" standard is less stringent than the standard to obtain class certification, and requires only a showing of a factual nexus between the situation of the named Plaintiff and other current and former employees sufficient to meet their burden.

Defendant disputes that Plaintiff has made even a modest factual showing sufficient to demonstrate that other potential plaintiffs are similarly situated, and argue that conditional certification should be denied .

Defendant also objects to certain language contained in the proposed notice because: (1) the opt-in period suggested by Plaintiff is unreasonably long; (2) it lacks notice to the recipients of the specific terms of the Plaintiff's attorney's contingent fee arrangement (3) it fails to specify that potential collective action members have the right to not join the suit, and pursue their own

actions with different counsel, (4) the proposed notice does not contain adequate information about the "effect of joining this lawsuit," and (5) the language describing the nature of the lawsuit is misleading and prejudicial.

### III. LEGAL STANDARD; COLLECTIVE ACTION CERTIFICATION

The FLSA governs hour and wage practices and requires, among other things, that employers pay covered employees at least a specified minimum wage for work performed and overtime pay for hours worked in excess of forty hours per week. 29 U.S.C. §§ 202, 207. The Act provides a mechanism that allows groups of such employees to proceed together to seek recovery for violations of the act. Section 216(b) specifically provides:[a]n action to recover ... liability may be maintained against any employer ... by one or more employees for and in behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to any action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought. 29 U.S.C. § 216(b). This provision allows a group of employees to proceed in a collective action, which enables them to pool their resources to "vindicate their rights" at lower cost. *Hoffman-La Roche, Inc. v. Sperling,* 493 U.S. 165, 170, 110 S.Ct. 482, 107 L.Ed.2d 480 (1985).

A collective action has two stages, namely the conditional certification and notice stage and the final certification stage. *Morisky v. Public Service Elec. & Gas, Co.,* 111 F.Supp.2d 493, 496 (D.N.J.2000); *see also Dreyer v. Altchem Environmental Services,* Civ. No. 06-2393, 2006 WL 3676013 (D.N.J. Dec. 12, 2006)(citing cases). At the second stage, the Court makes a decision on final certification based upon a "specific factual analysis of each employee's claim to ensure that each claimant is an appropriate party. Plaintiffs bear the burden of showing they are similarly situated to the proposed class." *Bosley v. Chubb Group,* Civ. No. 04-4598, 2005 WL

1334565, at *2 (E.D.Pa. June 3, 2005) quoted in *Hewitt Associates, Inc.,* Civ. No. 06-267, 2007 WL 2121693, *3 (D.N.J. July 24, 2007). Because a full factual record exists at this stage, a stricter standard is applied, *Morisky,* 111 F.Supp.2d at 497; *see also Hewitt,* 2007 WL 2121693 at 3, and the Court examines various factors, including "disparate factual and employment settings of the individuals plaintiffs, the various defenses available to defendants, and fairness and procedural considerations." *Lusardi v. Xerox Corp.,* 118 F.R.D. 351, 359 (D.N.J.1987). To succeed in obtaining final certification, the plaintiff must make a showing that "the nature of the work performed by other claimants is at least similar to [their] own." *Id.* at 498 (citation omitted).

As part of the first stage, the Court is required to determine, under "a comparatively limited standard," whether or not plaintiff's proposed collective group is constituted of similarly situated employees to whom notice should be sent. *Morisky,* 111 F.Supp.2d at 497; *Herring v. Hewitt Associates, Inc.,* Civ. No. 06-267, 2007 WL 2121693, *3 (D.N.J. July 24, 2007).

The term "similarly situated" is not defined in the FLSA, and neither the Third Circuit nor the Supreme Court has offered guidance as to how this standard should be applied. However, district courts in the Third Circuit have developed a two-stage test. The first stage is the notice stage. At this stage, the court determines whether notice should be given to potential class members, and the court's determination typically results in conditional certification of a representative class. *Armstrong v. Weichert Realtors,* No. 05-3120, 2006 U.S. Dist. LEXIS 31351, at *2 (D.N.J. May 19, 2006) (citing *Moeck v. Gray Supply Corp.,* No. 03-1950, 2006 U.S. Dist. LEXIS 511, at *11-* 13 (D.N.J. Jan 5., 2006); *Morisky,* 111 F.Supp.2d at 497).

To show that the plaintiff and the other employees are similarly situated, the plaintiff need not show that his position is identical to the positions of other putative class members. *Sperling v. Hoffman-La Roche,* 118 F.R.D. 392, 405 (D.N.J.1988), *affd., Hoffman La-Roche v. Sperling,* 493 U.S. 165, 170, 110 S.Ct. 482, 107 L.Ed.2d 480 (1989). Rather, the plaintiff must show "a factual nexus between [her] situation and the situation of other current and former [employees] sufficient to show that they are similarly situated." *Aquillino v. The Home Depot,* Civ. No. 04-4100, 2006 WL 2583563 * 2 (D.N.J. Sept. 7, 2006). The determination is made using "a fairly lenient standard" based on the minimal evidence before the Court. *Morisky,* 111 F.Supp.2d at 497; *see also Aquillino,* 2006 WL 2583563 * 1-2. At this stage, some courts require "nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy or plan [in violation of law.]." *Morisky,* 111 F.Supp.2d at 497; *see also Hewitt,* 2007 WL 2121693 at * 3. Other courts have stated that "to make a meaningful decision about whether certain people are similarly situated ... [requires] ... as a factual foundation, information about who is in the potential class and the basis for inferring that the potential members are similarly situated." *Armstrong v. Weichert Realtors,* Civ. No. 05-3120, 2006 WL 1455781 *1 (D.N.J. May 19, 2006); *see also Lockhart v. Westinghouse Credit Corp.,* 879 F.2d 43, 51 & n. 10 (3d Cir.1989), *rev'd on other grounds, Starceski v. Westinghouse Elec. Corp.,* 54 F.3d 1089, 1099 (3d Cir.1995)(stating that only a modest factual showing that the plaintiff's position is similar to that of other employees and that the employees were victims of a common policy or scheme of the employer is required). The merits of the claims "need not be evaluated nor discovery be completed in order for such a notice to be approved and disseminated." *Aquillino,* 2006 WL 2583563 at *2 (quoting *Masson v. Ecolab, Inc.,* Civ. No. 04-4488, 2005 WL 2000133, at *12-14 (E.D.N.Y. Aug. 18, 2005)). If

plaintiff satisfies the similarly situated standard, then the Court grants conditional certification of the collective action for the purpose of sending notice to the potentially effected employees and conducting discovery concerning the opt-in plaintiffs. *Herring,* 2007 WL 2121693 at *3, 4 (noting a stage one finding "establishes nothing more than the right of the plaintiffs to establish a collective action" and "provides for unified trial preparation, prosecution, and defense on what appears to be a single discriminatory decision.").However, "Plaintiffs must show a factual nexus between their situation and the situation of other current and former [employees] sufficient to determine that they are 'similarly situated.' " *Id.* (quotation omitted).

## IV.　LEGAL STANDARD: COURT FACILITATED NOTICE

Once a court conditionally certifies a collective action, it has the discretion to provide court-facilitated notice. *Hoffman-La Roche,* 493 U.S. at 170. Such notice: (1) ensures that the employees receive "accurate and timely notice concerning the pendency of the collective action, so that they can make informed decisions about whether to participate," *id.;* and (2) "serves the legitimate goal of avoiding a multiplicity of duplicative suits and setting cut off dates to expedite the disposition of the action." *Id.* at 172.

## V.　DISCUSSION

### A. Certification

This case is presently at the first, conditional certification stage where only a minimal factual showing must be made that potential plaintiffs are similarly situated. Although Plaintiff has presented the barest minimum, Plaintiff's pleadings do contain his own statement, the assertion that there are at least 25 other similarly situated persons, and the affidavit of one other waiter who declares that "I regularly see other employees, such as waiters, waitresses, and bussers working the same hours and receiving the same type of pay as I do," and expresses a

willingness to opt-in. (Declaration of Tri Yulianto Setiawan, Plaintiff's exhibit C, page 2). Although there is little to suggest that potential plaintiff's are similarly situated beyond Plaintiff's conclusory assertion that all waiters and other tipped food service workers who work in the same establishment must be similarly situated, at this early stage Plaintiff has cleared the threshold, if only by the smallest margin.

      B. Court Facilitated Notice

Defendant objects to certain components of Plaintiff's proposed notice. The Court agrees with some of the objections and as a result, Plaintiff's proposed notice requires modification.

First, allowing potential plaintiffs 180 days from the date the Notice is issued to file Consent to Sue forms is unreasonable. The Court finds that 30 days is sufficient, especially in light of the small size of the putative collective action.

Although the Court finds Defendant's second and third objections to be unavailing, the Court agrees that the language as proposed in Section 2, "Description of the Lawsuit" is indeed problematic and requires modification to delete the text that states that "Ichiban required them to work without being paid minimum wages and to work over forty hours per week without time and one-half overtime compensation going back to March 25, 2007." The language as presently constituted presents potential plaintiff's with a legal conclusion that is wholly inappropriate at this stage, and is indeed both prejudicial and misleading.

In order to correct the defects that have been identified in the Court Facilitated Notice, the parties should meet and present an alternative Notice to this Court within seven days, or else this Court will proceed to revise the Notice on behalf of the parties.

## IV.  CONCLUSION.

For the foregoing reasons, Plaintiff's motion to: (1) conditionally certify this case as a collective action under 29 U.S.C. § 216(b); and 2) provide expedited court ordered notice to all potential plaintiffs **granted**. An appropriate Order accompanies this Opinion.


 S/ Dennis M. Cavanaugh
DENNIS M. CAVANAUGH, U.S.D.J.

Date:   September  23 , 2010
cc:     All Counsel of Record
        Hon. Joseph A. Dickson, U.S.M.J.